To our last case of today, Garner v. United States Mr. Henderson Good afternoon, may it please the court So Mr. Henderson, I almost feel as though we need to apologize to you, but I have a preliminary question which probably stems from some problem with our Certificate of Appealability practice which is why, when the bottom line of the district court's opinion says that the sentence in the underlying criminal action shall be vacated and just before that, that relief under 2255 is therefore granted, how we have appellate jurisdiction? Why is there anything here? Well, the petition was partially granted No, the petition was granted in full, although not for all of the reasons the defendant gave. What the defendant wanted was resentencing, and the defendant gave two reasons for that. And what the defendant got was resentencing. And so, if there's a dispute about the quantity of drugs, it will be worked out at the new sentencing. What other relief could you get now that you don't already have? Well, that's a good question, I suppose. That's why we're starting there. Sure. It's baffling, and it's really, I actually seriously think this is not your fault, but we need to explore it anyway. Right. I guess I would ask for time to do some more research and brief that for the court. My main concern is preserving this issue, but of course, on a resentencing hearing it doesn't need to be preserved, because your client's going to be resentenced, and all the arguments your client wants to make about quantity will be raised. The problem I'm thinking about now, he has been resentenced, in fact. And presumably, all the arguments he wanted to make about quantity were raised. Well, and I'm not sure about that, because my assumption is that the district court would have said, well, I denied that portion of your 2255, but that's not open. So he's been resentenced, and we don't know what happened? He's been resentenced to a term that reflects the relief that was granted. So he was resentenced to a term of 248 months. I think we need to see both the judgment and the transcript of that resentencing. I agree, Your Honor. I'm not sure the transcript has been ordered yet, so that's something that I'd like to do. So we can give both sides maybe a little more time than we usually do. Yes, but when you do that, I also think you need to say why this issue has to be raised now. If the district judge at the resentencing said, I'm just going to use the prior relevant conduct determination, I refuse to consider it, that issue can be appealed on a direct appeal. You don't have to worry about it. From the resentencing, yes. On direct appeal from the resentencing. You wouldn't have to worry about ineffective assistance of counsel. There would be no question at all under Magwood against Patterson that that issue was before us. Well, I agree with that. The next problem that I envisage is that a direct appeal or a notice of appeal has not been filed. Perhaps there are some procedural ways around that, given the reliance on this case pending on appeal. No. But probably not. You might take some comfort in the fact that the time for a notice of appeal in a criminal case is not jurisdictional. But if the time has gone by without action, that will be a big problem. The United States, in other words, is capable of acquiescing if it wishes because it's not jurisdictional. But the other thing that has, you know, I was trying to think what is actually here, if you severed the two parts of the requested grounds of relief. And one thing he seemed to be very worried about was the use of the proffer for conviction. But as I understand, this appeal is just about the sentence.  So I couldn't come up with anything that had any teeth to it. The claim is that under the terms of the proffer, this was not to be used against him directly, either during trial or as relevant conduct at sentencing. And that's a typical term of proffer agreements is the defendant will come in and the United States says we won't use this directly against you at trial or for the purposes of calculating the drug quantity at sentencing. So while, right, the evidentiary issues are different at trial and sentencing. Right, I mean the rules of evidence don't apply at sentencing, which we've said in cases. Right. So there's no reason to exclude proffers as a matter of rules of evidence. Correct. It would be based on his allegation that there is an agreement that this was not to be used against him at sentencing. It wouldn't be an evidentiary issue. Okay. That's right. So what do you think is a realistic amount of time? Do you think three weeks is long enough or four weeks? Well, in order to take a look at the transcript, usually when I order transcripts, it takes at least two or three weeks. Obviously we can ask for an expedited transcript of that. I guess I would ask for a month from now, given the Thanksgiving holiday in between. I mean, I see no reason not to give you that much time. So you can furnish us the materials, the transcript and the new judgment, and accompany it with whatever statements you each want to make about what this appeal is and how it relates to these additional proceedings. Okay. Thank you, Your Honor. Thank you very much. Mr. Wood. Your Honor, may it please the Court, my name is Bob Wood on behalf of the government. I have to say I'm thinking through all the things the Court addressed to the appellant and trying to figure out how they work in tandem with the issues. I am perfectly amenable to all of the procedures, timelines, et cetera, that the Court proposes, but logically I haven't come to a conclusion yet as to how it interacts with the legislation. Right. Well, you will have an opportunity in the memo that you submit in a month to let us know what you're thinking is or that is your office. Sure. And I guess what I'm saying at this point is I'm curious whether the Court wants me to explore the issues at the heart of the appeal as it stands now or if it's better to deal with everything. Do you know on what day the new judgment was entered, whether time remains to appeal that judgment? I do not know the date, Your Honor, no. But that's not to say that if, given that it's a criminal case. There are two options, right? The defendant can ask for an extra 30 days on account of excusable neglect. And whether or not that's so, an untimely notice of appeal is not, in a criminal case anyway, a jurisdictional defect. Right. And the United States would have to consider whether to assert untimeliness if everybody's been confused by this premature appeal. Right. And my at least preliminary and perhaps final view on that is that even given the finality concerns VEDPA and everything like that, it might be unjust given the overall confusion created by everyone involved. Confusion, which apparently is shared on both sides of this appeal. It is. And given that, I wouldn't consider it particularly just to push timeliness as an issue. The United States doesn't always assert it, I'm glad to say. I think there's a considered judgment in each case. Right. And it doesn't sound to me like it would be particularly fair under the circumstances to assert it. Particularly since it might lead to another ineffective assistance of counsel argument by not taking an appeal following the re-sentence based on ineffective assistance of counsel. Thus far, that's the only implication that I've thought of in this case. And I'm glad Your Honor brings it up. But that among probably considerations that I can't come up with would counsel, I think, against urging timeliness as a reason for dismissal. But the remainder of the case seems to me to be affected by this question in ways that aren't presented to the court clearly by the parties. So I don't know how much you want to pursue. I don't have any questions for you beyond what's in the brief about what's been briefed. And if my colleagues don't either, then you're okay, Dick? Yes. All right.  Thank you, Your Honor.